# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

**FILED**

**August 10, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **MELVIN GLOVER,** | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Shelby Circuit No. 93004 T.D. |
| | ) | |
| **v.** | ) | |
| | ) | Appeal No. 02A01-9808-CV-00228 |
| **LOCKARD, BINGHAM & KAPLAN** | ) | |
| **and TODD KAPLAN,** | ) | |
| | ) | |
| Defendants/Appellees, | ) | |

## APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
## AT MEMPHIS, TENNESSEE

## THE HONORABLE KAREN R. WILLIAMS, JUDGE

For the Plaintiff/Appellant:            For the Defendants/Appellees:

Melvin Glover, Pro Se                  Richard Glassman
Memphis, Tennessee                 Richard Sorin
                                   Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCURS:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

**OPINION**

This is a legal malpractice case. The plaintiff prospective client argues that the defendant lawyer committed malpractice by declining representation and failing to file a complaint on plaintiff's behalf six weeks prior to the expiration of the statute of limitations. The trial court granted summary judgment in favor of the defendant lawyer. The plaintiff appeals. We affirm.

On February 19, 1996, Plaintiff/Appellant Melvin Glover ("Glover") sustained personal injuries from an alleged shooting incident by a police officer in Memphis, Tennessee. At the request of Glover's sister, attorneys, Defendant/Appellee Todd Kaplan ("Kaplan") and Jim Lockard, with the firm Defendant/Appellee Lockard, Bingham & Kaplan ("the Firm"), met with Glover at the Regional Medical Center to discuss the possibility of Kaplan representing Glover. Kaplan allegedly informed Glover of the requirements of bringing a governmental tort suit. Kaplan also told Glover that he would contact a civil rights attorney, Richard Fields ("Fields"), regarding possible representation of Glover in a civil rights lawsuit. Kaplan said that Fields told Kaplan that "no favorable law existed for the benefit of the Plaintiff."

On December 30, 1996, Kaplan notified Glover, by letter, that neither Kaplan nor the Firm would represent him:

> Also, I have told you we are not able to represent you in any potential lawsuit against the police officer or the police department. You have one year from the date of your injury to file a personal injury action or be forever barred from doing so.
> I have also told you we are not qualified to file any type of civil rights claim arising out of this incident. Should you decide to do so, I suggest you contact a civil rights attorney immediately. It is my understanding any such action must be filed within one year of your injury but, as I have said, we are not civil rights lawyers and give no opinions upon which you should rely.

On February 19, 1998, Glover filed a complaint alleging that Kaplan, on behalf of the Firm, agreed to represent Glover regarding pending criminal charges, an application for victim compensation, and any potential civil actions, including any civil rights claims against the City of Memphis and the police officer. Glover alleged that Kaplan committed negligence by informing him that he would not represent him, six weeks prior to the expiration of the applicable statute of limitation.

On March 16, 1998, the defendants filed a motion to dismiss for failure to state a claim. On April 16, 1998, the defendants filed a motion for summary judgment, a statement of undisputed facts and an affidavit by Kaplan.[1]  In his affidavit, Kaplan stated:

1.  I am a duly licensed attorney in the State of Tennessee.

2. I, and a personal injury lawyer that I work with, Jim Lockard, met with Melvin Glover at the Regional Medical Center in Memphis to consult with Mr. Glover about the possibility of my representing him for personal injuries he allegedly sustained in a shooting that occurred on or about February 19, 1996.

3.  I informed Melvin Glover of the requirements in bringing a governmental tort suit.

4.  I informed Melvin Glover that I would contact a leading civil rights attorney in Memphis, Richard Fields, about the possibility of representing Mr. Glover.

5. Mr. Fields advised me that no favorable law existed for the benefit of the Plaintiff.

6.  I sent a letter to Melvin Glover dated December 30, 1996, and attached to this Affidavit as Exhibit "A", verifying that we were not going to be able to assist Mr. Glover.

7.  At no time did I or Mr. Lockard agree to represent Mr. Glover in any civil actions against anyone.

8.  The month and a half which passed between the time he received our final letter of December 30, 1996 and the expiration of his applicable statute of limitations was more than enough time for the Plaintiff to hire another lawyer to protect his interests.

9.  I am familiar with the standard of care for practicing lawyers in this locale and community, and my conduct in the present case in no way breached that standard of care.

In response to the defendants' summary judgment motion, Glover filed a memorandum in which he admitted that he did not recall his initial conversation with Kaplan due to his "[m]edicated state." Glover asserted that he met with Kaplan several times after the initial meeting and said that Kaplan did not notify him in a timely manner that Kaplan would not represent him. Glover's response in the record on appeal did not include an affidavit from Glover or anyone else disputing Kaplan's assertion that neither he nor the Firm at any point agreed to represent Glover.

The trial court granted the defendant's motion for summary judgment. From this order, Glover now appeals.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter

_____

[1]Glover filed a statement of the evidence which was excluded by the trial court as part of the record on appeal to this Court.

of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 [now Rule 56.06] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

On appeal, Glover argues that the trial court erred in granting defendants' motion for summary judgment. Glover contends that Kaplan had agreed to represent him with regard to all claims resulting from the shooting incident, and that Kaplan committed negligence in withdrawing from the case, giving Glover insufficient time to obtain another lawyer prior to the expiration of the statute of limitations. Glover attached to his appellate brief a portion of an apparent affidavit by Glover, in which Glover asserts that Kaplan did not tell him the requirements for a governmental tort action and did not tell him he had to contact another attorney, and acknowledges that Glover was "heavily sedated" when he met with Kaplan at the hospital.

The defendants maintain that the record on appeal does not support Glover's assertion in his appellate brief that Kaplan agreed to represent him and "withdrew." The defendants note that the purported affidavit by Glover is not part of the record on appeal. They contend that the facts asserted by Glover do not state a claim for legal malpractice, and note that Glover had six weeks after

receiving Kaplan's letter in which to find another attorney or file a pro se complaint in the underlying case.

In this case, it is undisputed that Kaplan sent Glover a letter dated December 30, 1996, in which he told Glover he would not represent him and informed Glover that the statute of limitations would run in six weeks. Kaplan asserts in his affidavit that neither he nor the Firm at any time agreed to represent Glover. The record on appeal contains no affidavit from Glover; consequently, the purported Glover affidavit attached to Glover's appellate brief will not be considered on appeal. *See Allstate Ins. Co. v. Young*, 639 S.W.2d 916, 918-19 (Tenn. 1982). Glover's response to the defendants' motion for summary judgment does not dispute Kaplan's assertion that he never agreed to represent Glover. Indeed, Glover acknowledges he was unable to recall his initial conversation with Kaplan because of his "[m]edicated state." Therefore, the undisputed facts in the record are that Kaplan at no point agreed to represent Glover, that Kaplan informed Glover that he would not represent him six weeks before the statute of limitations ran, and that Kaplan told Glover that the statute of limitations would run six weeks from the date of Kaplan's letter.

Based on these undisputed facts, Glover fails to state a claim for legal malpractice. The trial court's grant of summary judgment in favor of the defendants must be affirmed.

The decision of the trial court is affirmed. Costs are taxed against Appellant, for which execution may issue if necessary.

_____
                              **HOLLY KIRBY LILLARD, J.**

_____

**CONCUR:**


_____
**ALAN E. HIGHERS, J.**


_____
**DAVID R. FARMER, J.**

4